United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 15-17344-mdc
Jose S Sanchez, Jr.                                                 Chapter 13
     Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: ChrissyW         Page 1 of 1         Date Rcvd: Feb 03, 2017
                         Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 05, 2017.
db            +Jose S Sanchez, Jr.,    9032 Ashton Road,    Philadelphia, PA 19136-1008

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 05, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 3, 2017 at the address(es) listed below:
              BRAD J. SADEK    on behalf of Debtor Jose S Sanchez, Jr. brad@sadeklaw.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    THE BANK OF NEW YORK MELLON Et Al...
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              KARINA  VELTER    on behalf of Creditor    THE BANK OF NEW YORK MELLON Et Al... amps@manleydeas.com
              KARINA  VELTER    on behalf of Creditor    The Bank of New York Mellon amps@manleydeas.com
              THOMAS I. PULEO    on behalf of Creditor    THE BANK OF NEW YORK MELLON Et Al...
               tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK
               as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Nationstar Home Equity
               Loan Trust 2006-B tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                             TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jose S. Sanchez Jr.<br>Debtor | CHAPTER 13 |
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Nationstar Home Equity Loan Trust 2006-B<br>Movant<br>vs. | NO. 15-17344 MDC |
| Jose S. Sanchez Jr.<br>Debtor | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,795.64**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | October 2016 at $1,316.55 and November 2016 through December 2016 at $1,324.98 each |
| Suspense Balance: | $196.87 |
| Fees & Costs Relating to Motion: | $1026.00 |
| **Total Post-Petition Arrears** | **$4,795.64** |

2. The Debtor shall cure said arrearages in the following manner:

   a). Beginning January 2016 and continuing through June 2016, until the arrearages are cured, Debtor shall pay the present regular monthly payment of **$1,324.98** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$799.27** towards the arrearages on or before the last day of each month at the address below;

Nationstar Mortgage, LLC
Attn: Bankruptcy Department
P.O. BOX 619094
Dallas, TX 75261
877-343-5602

   b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Debtor applied for a loan modification.

4. Debtor has been approved for a trial period plan ("TPP") with payments due on 11/1/2016, 12/1/2016 and 1/1/2017.

5. Debtor shall continue to make payments according to the TPP until such time as a decision is made by the secured creditor whether to offer or deny a permanent loan modification.

6. In the event a permanent loan modification is not offered to Debtor, Debtor will have six months to cure any arrears.

7. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

8. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

9. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

10. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order7 granting Movant relief from the automatic stay.

11. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

12. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

13. The parties agree that a facsimile signature shall be considered an original signature.

Date:    December 2, 2016

By: /s/ Thomas I. Puleo, Esquire
Thomas I. Puleo, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 12/5/16

Brad J. Sadek Esq.
Attorney for Debtor

*No Objection:* 1/26/17

*TRUSTEE — without prejudice to any trustee rights or remedies*

Approved by the Court this 3rd day of February, 2017 However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman